UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| MICHAEL BRAUN </br></br> Plaintiff </br></br> NORTON HEALTHCARE, INC. </br></br> Defendant. </br></br> Serve: Robert B. Azar </br>  Registered Agent </br>  4967 U.S. Highway 42 </br>  Suite 101 </br>  Louisville, KY 40222-6363 | Case No.  3:24-CV-39-DJH </br></br> *Electronically filed* |

## COMPLAINT

Plaintiff Michael Braun, by counsel, for his complaint states as follows:

### JURISDICTION & VENUE

1. Plaintiff Michael Braun is a resident of New Albany, Indiana.

2. Defendant Norton Healthcare is a Kentucky corporation with its principal place of business in Jefferson County, Louisville, Kentucky.

3. The actions complained of herein and decisions regarding Braun's employment with Norton Healthcare occurred in Louisville, Jefferson County, Kentucky.

4. This Court has jurisdiction over this action pursuant to the provisions of the Americans with Disabilities Act, as amended, specifically, 42 U.S.C. § 12117 and 42 U.S.C. §2000e-5(f).

5. Venue is proper in the Western District of Kentucky under 28 U.S.C. §1391(b) because Defendant's unlawful practices were committed in this District.

6. Braun filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*.

7. The Equal Employment Opportunity Commission issued a Notice of Rights on January 17, 2024 which is attached as Exhibit A. Plaintiff received the Notice of Rights shortly after it was issued and timely files this action within 90 days of the issuance date.

## PARTIES

8. At all times relevant to this Complaint, Braun was an employee of Defendant Norton Healthcare as that term is defined by 42 U.S.C. §12111(4).

9. Defendant Norton Healthcare is an employer as that term is defined by 42 U.S.C §12111(5).

## FACTS

10. Braun holds a doctorate in Pharmacy from Sullivan University College of Pharmacy, which he earned in 2012.

11. Norton hired Braun as a Pharmacy Resident at Norton Suburban Hospital's main pharmacy in 2012.

12. Braun became a Staff Pharmacist at Suburban following completion of his residency in 2013.

13. Braun worked a repeating six-week work schedule. In each six-week period, he worked four weeks (20 days) on day shift and two weeks (10 days) on second shift.

14. At Suburban's main pharmacy, two pharmacists are assigned to second shift each day. One works from 2:00 p.m. to 10:00 p.m. and the other works from 2:30 p.m. to 10:30 p.m.

15. Thus, during second shift, a pharmacist may be alone for thirty minutes each night.

16. The day shift typically has seven pharmacists assigned to the shift each day.

17. In 2013, Braun was diagnosed with SCA2. SCA2 is a neurological disorder characterized by progressive difficulty with movement including balance and coordination.

18. Despite this diagnosis, Braun remains fully capable of performing the duties of his position as Staff Pharmacist at Norton Healthcare.

19. Braun disclosed his illness to his colleagues, including his managers, in April 2022.

20. Also in April 2022, Braun requested a reasonable accommodation of not being the only Pharmacist on duty. This accommodation would prevent him from having to respond to "codes."

21. Codes are emergency medical situations during which a pharmacist may be required to formulate a medication bedside.

22. Braun's disability made it challenging to respond to codes and rapidly prepare medications bedside.

23. When a code is called, one pharmacist responds. Thus, if Braun was not scheduled to work alone, he would not have to respond to codes.

24. Prior to Braun's formal request for an accommodation in 2022, Braun's co-workers had informally implemented this accommodation for the preceding two years by trading shifts with him as needed so that he was not alone in the pharmacy.

25. Braun completed and submitted Norton Healthcare's ADA request form but did not receive a response from Norton. Instead, his co-workers continued to accommodate his need to not work alone.

26. In March 2023, Braun again made a formal request for an accommodation of not working alone. He again completed the ADA request form and submitted it to Unum, Norton Healthcare's third-party administrator.

27. Upon information and belief, Unum approved the request and recommended that Norton Healthcare provide the requested accommodation.

28. On April 27, 2023, Norton Healthcare informed Braun that it could not accommodate his disability in his current position.

29. Braun was advised to collect his personal belongings and was escorted out of the facility he had worked in for eleven years without incident.

30. When Braun asked to inform his co-workers, Norton Healthcare refused to permit him to do so.

31. Norton Healthcare told Braun's co-workers that he was voluntarily taking a leave and had not been "blindsided" by the decision. Neither of these statements was true.

32. Norton Healthcare informed Braun that it was placing him on a "job-seeking" leave and he should apply for other positions within Norton.

33. This leave was unpaid, although Braun was able to use his accrued paid time off and remained on Norton Healthcare's payroll.

34. Braun applied for seven positions within Norton Healthcare but was not selected for any of them.

35. On July 27, 2023, Norton Healthcare terminated Braun's employment.

36. At no time did Norton Healthcare engage in the interactive process required by the ADA, as amended, to determine if reasonable accommodations could be identified.

37. Upon information and belief, at no time did Norton Healthcare ask Braun's co-workers if they were willing to continue the accomodation they had implemented years earlier so that he did not work alone.

## CLAIM ONE
### Failure to engage in the interactive process
### in violation of the Americans with Disabilities Act, as amended

38. Braun incorporates by reference the allegations previously set forth in this Complaint.

39. Braun's SCA2 renders him an individual with a disability as that term is defined by the Americans with Disabilities Act, as amended, 42 U.S.C. §12102(1).

40. Braun is an employee as that term is defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111(4).

41. Norton Healthcare is an employer as that term is defined by the Americans with Disabilities Act, as amended, 42 U.S.C. §12111(5)

42. Norton Healthcare was aware of Braun's disability no later than April 2022.

43. Braun was able to perform the essential functions of his position with an accommodation. Thus, Braun was a qualified individual as defined by 42 U.S.C. §12111(8).

44. Defendant Norton Healthcare engaged in disability discrimination in violation of 42 U.S.C. §12101, *et seq.* by failing to engage in the interactive process to identify effective accommodations that would permit Braun to continue his employment.

45. Braun is entitled to affirmative action including reinstatement to the Staff Pharmacist position, compensation for lost wages and benefits, punitive

6

damages, and other equitable relief as this Court deems appropriate under 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(g).

46. In addition, as a result of the actions described herein, Braun has experienced emotional distress for which he is entitled to compensatory damages.

## CLAIM TWO
### Failure to provide a reasonable accommodation in violation of the Americans with Disabilities Act, as amended

47. Braun incorporates by reference the allegations previously set forth in this Complaint.

48. Defendant Norton Healthcare engaged in disability discrimination in violation of 42 U.S.C. §12101, *et seq.* by denying Braun a reasonable accommodation.

49. Braun is entitled to affirmative action including reinstatement to the Staff Pharmacist position, compensation for lost wages and benefits, punitive damages, and other equitable relief as this Court deems appropriate under 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(g).

50. In addition, as a result of the actions described herein, Braun has experienced emotional distress for which he is entitled to compensatory damages.

## CLAIM THREE
### Disability discrimination in violation of the Americans with Disabilities Act, as amended

51. Braun incorporates by reference the allegations previously set forth in this Complaint.

52. Norton Healthcare engaged in disability discrimination in violation of 42 U.S.C. §12101, *et seq.* when it refused to hire Braun for any of the seven positions he applied for between April 27 and July 27, 2023.

53. Braun is entitled to affirmative action including instatement to a position for which he applied, compensation for lost wages and benefits, punitive damages, and other equitable relief as this Court deems appropriate under 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(g).

54. In addition, as a result of the actions described herein, Braun has experienced emotional distress for which he is entitled to compensatory damages.

## CLAIM FOUR
### Retaliation in violation of the Americans with Disabilities Act, as amended

55. Braun incorporates by reference the allegations previously set forth in this Complaint.

56. Braun engaged in protected activity under the Americans with Disabilities Act, as amended.

57. Norton Healthcare engaged in retaliation in violation of 42 U.S.C. §12101, *et seq.* when it refused to hire Braun for any of the seven positions he applied for between April 27 and July 27, 2023.

58. Braun is entitled to affirmative action including instatement to a position for which he applied, compensation for lost wages and benefits, punitive damages, and other equitable relief as this Court deems appropriate under 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(g).

59. In addition, as a result of the actions described herein, Braun has experienced emotional distress for which he is entitled to compensatory damages.

## CLAIM FIVE
### Disability discrimination in violation of the Americans with Disabilities Act, as amended

60. Braun incorporates by reference the allegations previously set forth in this Complaint.

61. Defendant Norton Healthcare engaged in disability discrimination in violation of 42 U.S.C. §12101, *et seq.* by terminating Braun's employment due to his disability.

62. Braun is entitled to affirmative action including reinstatement to the Staff Pharmacist position, compensation for lost wages and benefits, punitive damages, and other equitable relief as this Court deems appropriate under 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(g).

63. In addition, as a result of the actions described herein, Braun has experienced emotional distress for which he is entitled to compensatory damages.

## CLAIM SIX
### Retaliation in violation of the
### Americans with Disabilities Act, as amended

64. Braun incorporates by reference the allegations previously set forth in this Complaint.

65. Defendant Norton Healthcare engaged in retaliation in violation of 42 U.S.C. §12101, *et seq.* by terminating Braun's employment because he engaged in protected activity.

66. Braun is entitled to affirmative action including reinstatement to the Staff Pharmacist position, compensation for lost wages and benefits, punitive damages, and other equitable relief as this Court deems appropriate under 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(g).

67. In addition, as a result of the actions described herein, Braun has experienced emotional distress for which he is entitled to compensatory damages.

Wherefore, Plaintiff Michael Braun, by counsel, seeks trial by jury on all counts so triable and judgment in his favor including:

1. Compensatory damages for lost wages and benefits;

2. Compensatory damages for emotional distress;

3. Punitive damages;

4. Equitable relief including but not limited to reinstatement;

5. Attorney fees and costs; and

6. All other relief to which Plaintiff is entitled.

Respectfully submitted,

CRAIG HENRY PLC

/s/ Michele Henry
Michele Henry
401 West Main Street
Suite 1900
Louisville, KY 40202
*Counsel for Plaintiff*

11