UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00039-DJH-CHL

**MICHAEL BRAUN,**                                                                 **Plaintiff,**

v.

**NORTON HEALTHCARE, INC.,**                            **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Strike Plaintiff's Expert Witness (DN 30) filed by Defendant Norton Healthcare, Inc. ("Defendant"). (DN 30.) Plaintiff Michael Braun ("Plaintiff") has filed a response. (DN 33.) Defendant has filed a reply. (DN 35.) Therefore, the Motion is Ripe for Review. For the following reasons, Defendant's Motion is **DENIED WITHOUT PREJUDICE**.

**I.**     **Background**

On November 29, 2024, Plaintiff disclosed Dr. Mark Bazant as his treating physician and indicated he may be called as a witness. (DN 33, at PageID # 106.)[1] Plaintiff's disclosure of Dr. Bazant states:

> Dr. Bazant is identified as Plaintiff's treating physician. If called, he will testify regarding Plaintiff's diagnosis of SCA2, the effects of SCA2 as experienced by Plaintiff since his diagnosis, the future anticipated effects of SCA2 on Plaintiff, his treatment of Plaintiff's SCA2, his future anticipated treatment of Plaintiff's SCA2, and the reasonable accommodations he recommended Norton implement to accommodate Plaintiff while Plaintiff was employed by Norton. Dr. Bazant's testimony will be based on his medical training and his ongoing treatment of Plaintiff.

---

[1] Under the Court's April 25, 2024, Scheduling Order, a party may offer testimony from a treating physician who will not be designated as an expert provided that party discloses, in writing, the substance of the facts and opinion to which the physician is expected to testify and a summary of the grounds for each opinion. (DN 14, at PageID # 66.)

(DN 23)². Plaintiff denies that Dr. Bazant is an expert witness, stating that Dr. Bazant is a treating physician who Plaintiff may call to testify as a lay witness. (DN 33, at PageID # 106.)³ Defendant is moving to strike Dr. Bazant as an expert witness, or in the alternative, limit his testimony "only to what he directly observed while treating [Plaintiff]." (DN 35, at PageID # 114.)

## II. Discussion

Under Rule 26(a)(2), a party must disclose the identity of *any witness* it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). Unless that party has retained or specially employed that witness to provide expert testimony, then the party only needs to disclose that witness with a statement of the subject matter the witness is expected to present evidence on and a summary of the facts and opinions the witness is expected to testify to. Fed. R. Civ. P. 26(a)(2)(C). Under Rule 37(c)(1), if a party fails to identify a witness as required by Rule 26(a), then the party may not use the witness at trial, unless such failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In addition to, or instead of, exclusion, a court may order payment of the reasonable expenses, including attorney's fees, caused by the failure; inform the jury of the party's failure; and impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). *Id.*

### 1. Despite Plaintiff's assertion that Dr. Bazant is not an expert witness, Plaintiff intends to call him to provide expert testimony.

---

² The Court also notes Plaintiff filed this disclosure with the Court. Generally, discovery documents, including discovery requests, expert disclosures, notices to take depositions, and notices of cancellation of depositions, should not be filed in the record. Fed. R. Civ. P. 5(d)(1) ("[D]isclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."); Fed. R. Civ. P. 5 advisory committee's note to 2000 amendment (noting that "[d]iscovery requests" under Rule 5(d) "includes deposition notices"); LR 26.1(b) (recognizing that "disclosure, notices, interrogatories, requests[,] and answers or responses thereto" are "not filed of record pursuant to [Rule] 5(d)"). Accordingly, the parties shall refrain from filing further discovery documents except as appropriate under the Federal Rules of Civil Procedure and this Court's Local Rules.

³ Despite denying that he identified Dr. Bazant as an expert witness (DN 33, at PageID # 106), Plaintiff titled this disclosure as "Plaintiff's Expert Disclosure."

2

Under Rule 701, a lay witness may testify in the form of an opinion only if it is not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701(c). Thus, a witness that provides opinion testimony beyond the scope of Rule 701 must be disclosed under Rule 26(a)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(2). Treating physicians may provide lay opinion testimony under Rule 701 provided such testimony is based on their first-hand observations and treatments of their patients. *United States v. Wells*, 211 F.3d 988, 998 (6th Cir. 2000).

Plaintiff requests that the Court deny Defendant's Motion as moot because he did not identify Dr. Bazant as an expert witness, but whether Plaintiff identifies Dr. Bazant as an expert is irrelevant to his obligations under Rule 26(a)(2). *McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 932-33 (E.D. Ky. 2014) (holding that the relevant inquiry as to whether a witness must be disclosed under Rule 26(a)(2) is the nature of the testimony rather than the status of the witness). When a witness's testimony will be based on scientific, technical, or other specialized knowledge, then a party cannot evade the requirements of Rule 26(a)(2) simply by designating that witness as a lay witness. Fed. R. Evid. 701 advisory committee's note to 2000 Amendments; *see also United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007) ("[T]he Federal Rules of Evidence distinguish between lay and expert *testimony*, not *witnesses*.") (emphasis in original).

In *United States v. Betro*, 115 F.4th 429, 451 (6th Cir. 2024), the Sixth Circuit held that opinion testimony from a treating physician may constitute lay opinion testimony only when limited to the physician's first-hand observations and treatment – not broader medical judgments. One of the treating physicians in *Betro* compared the medications prescribed at the Tri-County clinic with those prescribed at his prior ER practice using "everyday reasoning" and not "specialized training or knowledge." *Id.* at 451-52. That physician also testified he believed the

3

injections administered by Tri-County were not doing anything for the patients based on his personal experience treating those patients. *Id.* at 452. Another physician testified he believed the number of opioids prescribed at Tri-County was "excessive" based on his experience working in the practice, not his medical judgment as to what practice was objectively correct. *Id.* A third physician testified to the appropriate procedure to perform facet joint injections based on his first-hand understanding of the shot he was providing at the clinic. *Id.* The court held that all these opinions were lay opinions because they were based on first-hand observations and personal experiences, not specialized medical knowledge. *Id.*

In *White*, the Sixth Circuit held that the Fiscal Intermediary witnesses presented expert testimony by testifying based on their knowledge and familiarity of the Medicare program well beyond that of the average lay person. 492 F.3d at 403. The witnesses relied on specialized knowledge acquired over years of experience as Medicare auditors as well as their understanding of various terms. *Id.* at 403-4. The court doubted that an average lay person would be capable of making sense of the various exhibits the witnesses helped to clarify and link together based on the reasoning process used in their jobs. *Id.* Such a reasoning process was not familiar to the "average person in everyday life" and was rather based on "technical, or other specialized knowledge." *Id.* The court thus concluded that the witness's testimony was expert testimony. *Id.*

Here, the Court holds that Dr. Bazant's intended testimony is expert testimony governed by Rule 26(a)(2) because it includes medical judgments based on his specialized knowledge and training. To be sure, Dr. Bazant's testimony on "his treatment of Plaintiff and his efforts to assist Plaintiff in obtaining a reasonable accommodation" would certainly fall within the scope of lay testimony under Rule 701. *See Betro*, 115 F.4th at 452 ("Taqi, Thakur, and Bolina properly limited their lay testimony to their own first-hand observations and treatment."). But Dr. Bazant will also

4

present evidence on "the future anticipated effects of SCA2 on Plaintiff," the "future anticipated treatment of Plaintiff's SCA2," and the "reasonable accommodations he recommended," all "based on his medical training and his ongoing treatment of Plaintiff." (DN 30, at PageID # 95-6.) This testimony would certainly involve medical judgments based on specialized knowledge or training well beyond that of the average person. *Garrison v. Sam's E., Inc.*, No. 1:16-CV-00152-GNS, 2018 WL 6566546, at *2 (W.D. Ky. May 24, 2018) ("[W]hen a party intends to solicit testimony from a treating physician that goes beyond the facts of diagnosis and treatment, and into areas such as causation, *future treatment or impairment*, the anticipated opinion testimony is subject to disclosure under Rule 26(a)(2).") (emphasis added); *see also White*, 492 F.3d at 403-4 (holding that witnesses who relied on specialized knowledge acquired over years of experience should have been qualified as experts first). The Court thus holds that Plaintiff's disclosure of Dr. Bazant should comply with Rule 26(a)(2)(C).

**2.     Plaintiff's disclosure of Dr. Bazant does not comply with Rule 26(a)(2)(C).**

Under Rule 26(a)(2)(C), parties must state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Courts should be cautious about requiring "undue detail" in such disclosures, keeping in mind that such witnesses have not been specially retained. Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment. But Rule 26(a)(2)(C) still requires more than just a simple statement of who will testify and what they will say. *MV Louisville, LLC v. Frankenmuth Mut. Ins. Co.*, No. 3:20-CV-506-RGJ, 2022 WL 3362280, at *8 (W.D. Ky. Aug. 15, 2022). A sufficient expert disclosure under Rule 26(a)(2)(C) requires two things: (1) a brief account of the main opinions of the expert that state a view or judgment regarding a matter that affects the outcome of the case; and (2) a brief account of facts the expert relied on

5

in forming his or her opinions that states the main points derived from a larger body of information. *Id.*

Here, Plaintiff's disclosure of Dr. Bazant is deficient under Rule 26(a)(2)(C) because it does not include a summary of the facts and opinions to which Dr. Bazant is expected to testify. Plaintiff's disclosure only identifies the topics of Dr. Bazant's anticipated testimony, not his views or judgments on any matter affecting the outcome of this case. Additionally, Plaintiff's disclosure does not contain an account of the facts Dr. Bazant relied on in forming his opinions. Accordingly, the Court holds that Plaintiff's disclosure is deficient under Rule 26(a)(2)(C).

### 3. Although Plaintiff's noncompliance with Rule 26(a)(2)(C) is harmless, the Court will permit Plaintiff to remedy the deficiency of his disclosure.

Under Rule 37(c)(1), a party that fails to identify a witness as required by Rule 26(a) is not allowed to use that witness at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Sanctions for violations of Rule 37(c)(1) are mandatory unless the violating party has a reasonable explanation for not complying with Rule 26 or if the mistake was harmless. *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010). The Sixth Circuit uses five factors to determine whether a party's failure to comply with Rule 37 is substantially justified or harmless: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). The core goal of this evaluation is to "separat[e] 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *Bisig v. Time Warner Cable Inc.*, 940 F.3d 205, 221 (6th Cir. 2019) (quoting *Bentley v. Highlands Hosp.*

6

*Corp.*, No. CV 15-97-ART-EBA, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016) (internal citations omitted)).

Here, there are insufficient facts in the record to determine whether Defendant was unfairly surprised by Plaintiff's improper disclosure. If Defendant had already deposed Dr. Bazant without possessing all the information relevant to his opinions on Plaintiff's future treatment, impairments, and recommended accommodations, then Defendant likely would have been unfairly surprised. *Cf. Howe*, 801 F.3d at 748. But the Court cannot tell from the record whether Defendant has deposed Dr. Bazant. The fact that Defendant filed its Motion to Strike based only on Plaintiff's disclosure seems to suggest that Defendant knew such disclosure would be deficient early enough to avoid being unfairly surprised. Moreover, neither party has cited any opinion from Dr. Bazant as evidence for a motion. Accordingly, the Court finds Defendant was not unfairly surprised by Plaintiff's deficient disclosure.

The Court also finds that Defendant has an adequate opportunity to remedy the surprise. If Dr. Bazant has not yet been deposed, Defendant can cure this deficiency by deposing him after receiving Plaintiff's supplemental disclosure. If Dr. Bazant has already been deposed, Defendant may seek leave to depose him again. *See MV Louisville*, 2022 WL 3362280, at *9 ("This dispute can be cured by deposing Liggett without reopening discovery.").

Moreover, the parties do not even have a trial scheduled. (DN 14.) In fact, the Court stayed this matter pending the resolution of another motion. (DN 40.) Defendant even requested that the Court grant it an additional 30 days to designate a rebuttal expert witness in the event the Court denied its motion. (DN 30, at PageID # 98 n. 1.) The Court thus finds that Plaintiff's deficient disclosure would not disrupt the trial. *See MV Louisville*, 2022 WL 3362280, at *9 ("There may

be sufficient time to extend the discovery deadline for the limited purpose of an additional deposition without affecting the trial date.").

The Court must also look to the importance of the evidence. While the importance of the evidence could cut both ways, courts tend to find that the more important the evidence, the more this factor favors the party disclosing the witness. *MV Louisville*, 2022 WL 3362280, at *9. Here, Plaintiff seeks relief for Defendant's alleged failure to accommodate his condition in violation of the Americans with Disabilities Act. (DN 1 at ¶ 48.) Accordingly, any expert testimony on reasonable and necessary accommodations is important to this claim. Accordingly, this factor weighs in favor of Plaintiff.

Finally, the Court looks to Plaintiff's explanation for his failure to sufficiently disclose Dr. Bazant as an expert witness. Here, Plaintiff's explanation is that Dr. Bazant was not identified as an expert witness because he is, in fact, a lay witness, and thus is not subject to the requirements of Rule 26(a)(2)(C). (DN 33, at PageID # 106.) An "honest mistake" typically weighs in favor of the non-disclosing party. *See MV Louisville*, 2022 WL 3362280, at *9. But the Court cannot say that Plaintiff's explanation is an "honest mistake." For *twenty-five* years, it has been the law that testimony based on specialized knowledge is outside the scope of Rule 701 and governed by Rule 702. For *ten* years, it has been the law that testimony governed by Rule 702 should be disclosed in accordance with Rule 26(a)(2). Moreover, the nature of the law regarding the requirements of Rule 26(a)(2)(C) is no longer as unsettled as it was when the rule was amended. *Cf. Degener v. Sephora USA, Inc.*, No. 3:14-CV-586-CRS, 2016 WL 11750587, at *8 (W.D. Ky. June 13, 2016). The Court thus finds Plaintiff's explanation insufficient.

Taking these factors together, the Court holds that Plaintiff's mistake was harmless. Given that the Court has stayed this matter (DN 40) and given that the parties do not yet have a trial date,

8

Plaintiff still has an opportunity to correct his disclosure of Dr. Bazant. The Court will thus permit Plaintiff to supplement his disclosure of Dr. Bazant to remedy the deficiencies while bearing in mind the requirements of Rule 26(a)(2)(C). *See Degener*, 2016 WL 11750587, at *8.

### III. Order

For the foregoing reasons,

IT IS HEREBY ORDERED that:

(1) Defendant's Motion to Strike (DN 30) is **DENIED WITHOUT PREJUDICE**. No later than **July 14, 2025**, Plaintiff may supplement his disclosure of Dr. Bazant in accordance with the requirements of this order.

(2) The parties shall refrain from filing discovery documents in the record.

cc: Counsel of record